IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN E. BLAZO,<br>    Petitioner, | Civil Action No. 11-193 Erie |
| v. | District Judge Sean J. McLaughlin<br>Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY,<br>    Respondent. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus filed by Petitioner, Steven E. Blazo, be denied.

**II.    REPORT**

Petitioner is a federal inmate who is incarcerated at the Federal Correctional Institution, McKean. He contends that the Bureau of Prisons (the "Bureau" or the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, see, e.g., United States v. Wilson, 503 U.S. 329, 331 (1992); 28 C.F.R. § 0.96, erred in computing his federal sentence.

**A.    Relevant Background**

On September 24, 2005, local/state authorities arrested Petitioner in Franklin County, Ohio on state charges. [See Pet's Brief at 3, ECF No. 9 at 4; Resp's Ex. 2, Farr Decl. at ¶ 4(b), ECF No. 13-3 at 4]. He remained in state/local custody and on December 20, 2005, a Summit County Court sentenced

1

him to a two-year state sentence for a Burglary conviction. [Resp's Ex. 2, Farr Decl. at ¶ 5(b), ECF No. 13-3 at 5].

In the meantime, on September 14, 2005, Petitioner was named in a one count indictment filed in the U.S. District Court for the Northern District of Ohio. [Resp's Ex. 2, Farr Decl. at ¶ 4(a)(1), ECF No. 13-3 at 3]. On March 24, 2006, the U.S. Attorney for the Northern District of Ohio requested that the court issue a writ of habeas corpus *ad prosequendum* so that Petitioner, who was confined at the time in the Mahoning County Jail in Youngstown, Ohio, could appear for his federal arraignment, which was scheduled for April 12, 2006. A magistrate judge issued the writ, the U.S. Marshals Service ("USMS") then took temporary custody of Petitioner, and he was arrested on the federal charge on April 11, 2006. See ECF Nos. 6-9 in United States v. Blazo, No. 4:05-cr-453 (N.D. Ohio) (available on PACER).

As will be discussed below, because state/local authorities had arrested Petitioner first, federal authorities always considered him to be in the "primary custody" of the State of Ohio. The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. See Ponzi v. Fessenden, 258 U.S. 254 (1922). See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); George v. Longley, No. 11-2406, 2012 WL 541535, *1-2 (3d Cir. Feb. 21, 2012). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its

2

priority by, *e.g.*, granting bail, dismissal of charges, or parole release. George, No. 11-2406, 2012 WL 541535, at *1 n.4. Custody also can expire at the end of a sentence. Id.

A prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* is considered to remain in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the person. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002). The receiving sovereign – in this case, the federal government – is, therefore, considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him. Id.

On January 4, 2007, Petitioner pleaded guilty to the federal count and, on March 27, 2007, the U.S. District Court for the Northern District of Ohio entered the Judgment and sentenced him to a term of imprisonment "of 76 months. Credit for time served, if any, to be determined by the Bureau of Prisons." [Resp's Ex. 2C, 13-3 at 21]. The District Court was silent as to whether it intended the sentence run concurrently with any other sentence.

After his federal sentencing, the USMS returned Petitioner to the Mahoning County Jail in satisfaction of the federal writ of habeas corpus *ad prosequendum*. See ECF Nos. 43-46 in United States v. Blazo, No. 4:05-cr-453 (N.D. Ohio). [See also Resp's Exs. 2B, 2C, ECF No. 13-3 at 16-25]. Approximately two days later, on March 29, 2007, a state court in Mahoning County, Ohio, sentenced Petitioner to six years of imprisonment for three counts of Burglary and one count of Failure to Comply. The state court ordered that its sentence was to run concurrent with the federal sentence. [Resp's Ex. 2A, ECF No. 13-3 at 12].

Several years later, on February 24, 2011, the State released Petitioner to the USMS in accordance with his federal detainer. The BOP commenced his federal sentence on that date pursuant to 18 U.S.C. § 3585(a). It also determined that Petitioner was not entitled to any presentence-

3

commencement credit (commonly known as "prior custody credit") under 18 U.S.C. § 3585(b). The BOP has calculated Petitioner's federal sentence as consecutive to his state sentence. This means that it has refused to give him a retroactive concurrent designation under 18 U.S.C. § 3621(b) (discussed below), which would have allowed the state prison to be the place where he began service of his federal sentence.[1] Assuming that Petitioner receives all good conduct time available to him under 18 U.S.C. § 3624(b), his projected release date is August 30, 2016. [See Resp's Ex. 2D, ECF No. 13-3 at 27].

The evidence of record demonstrates that the State of Ohio credited against Petitioner's state sentences all of the time that he spent in official detention between the date his federal offense was committed (August 21, 2005) and the date his federal sentence commenced (February 24, 2011), including all of the time that he was in the temporary custody of federal authorities pursuant to the writ of habeas corpus *ad prosequendum*. [Resp's Ex. 2A, ECF No. 13-3 at 11-15; Resp's Ex. 2, Farr Decl. at ¶ 5(f), ECF No. 13-3 at 56].

Petitioner challenges the BOP's sentence calculation and contends that it should be recalculated so as to run concurrent with his six-year state sentence and/or that he should receive "credit for time served." He seeks an order from this Court directing that he be immediately released. Respondent has filed his Answer [ECF No. 13], to which Petitioner has filed a Reply [ECF No. 15].

### B. Discussion

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]"

---

[1] When a federal court imposes a prison sentence, Congress has authorized the BOP to designate "any available penal or correctional facility that meets minimum standards of health and habitability ... whether maintained by the Federal Government or otherwise[.]" 18 U.S.C. § 3621(b). This statute provides the BOP with broad discretion to choose the location of an inmate's imprisonment, so long as the factors enumerated in the statute are considered. Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).

28 U.S.C. § 2241(c)(3). Petitioner contends that he is in custody in violation of the federal sentencing statutes because the BOP has calculated his sentence incorrectly.

The following statutes are relevant to the evaluation of the petition: 18 U.S.C. § 3584(a), which governs a federal sentencing court's authority to order that a federal sentence be served concurrently with a state sentence; 18 U.S.C. § 3621(b), which governs the BOP's authority to designate a state prison as a place of confinement for service of a federal sentence; 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and 18 U.S.C. § 3585(b), which governs the amount of prior custody credit that an inmate may receive. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05").[2]

1. **The determination of whether a federal sentence is concurrent with, or consecutive to, a state sentence**

   **(a) Statutory and policy background**

In determining whether Petitioner is entitled to any habeas relief, this Court must first examine whether the BOP violated federal law in computing Petitioner's federal sentence as consecutive to his state sentences pursuant to 18 U.S.C. § 3584(a). This analysis also requires a consideration of whether the BOP abused its discretion in declining to grant Petitioner a retroactive, or *nunc pro tunc*, concurrent

---

[2] BOP Program Statements are internal agency guidelines, and in many cases the policies set forth therein are "akin to an interpretive rule." Reno v. Koray, 515 U.S. 50, 61 (1995). The BOP policies at issue in this case are contained in Program Statements and are not also published in any federal regulation, and thus are not subject to public notice and comment before adoption. Therefore, they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984). They are, however, entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011), cert. denied, 132 S.Ct. 1068 (2012).

5

designation pursuant to 18 U.S.C. § 3621(b) and Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990) (discussed below). See PS 5160.05, Pages 5-7.

Section § 3584(a) provides, in relevant part:

[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently*.[3]

(Emphasis added).

In applying § 3584(a), the BOP presumes that federal and state sentences are to be served consecutively unless the federal sentencing court orders that the sentences are to be served concurrently.[4] See PS 5880.28, Chapt. 1, Pages 31-33; PS 5160.05, Pages 2-7. In this case, Petitioner's federal sentencing court did not order that his federal sentence was to be served concurrent with any state sentence. Therefore, although the state court subsequently directed that the six-year state sentence that it was imposing was to run concurrently with the federal sentence, the BOP did not automatically consider his federal sentence to run concurrent with his state sentence because the federal sentencing court had not so ordered.

Importantly, however, because the state court had ordered that Petitioner serve his six-year state sentence concurrently with his federal sentence, the BOP considered, as it must under Barden v.

---

[3] The BOP recognizes that "[o]n occasion, a federal court will order the federal sentence to run concurrently with or consecutively to a not yet imposed term of imprisonment. Case law supports a court's discretion to enter such an order and the federal sentence shall be enforced in the manner prescribed by the court." PS 5880.28, Chapt. 1, Page 32A. The Supreme Court recently confirmed in Setser v. United States, — U.S. — , 132 S.Ct. 1463 (2012), that a district court has the authority to order, when it is imposing a federal sentence, that that sentence is to be served consecutive to, or concurrent with, an anticipated sentence that has not yet been imposed.

[4] The BOP also recognizes that a federal sentencing court "may, from time to time, order concurrent service of the federal sentence at some time after its imposition. This may occur when primary jurisdiction resided with the state and the court believed mistakenly that the inmate was in federal custody for service of the federal sentence on the date of imposition." PS 5160.05, Page 5. As explained herein, the BOP contacted Petitioner's federal sentencing court and asked for the court's opinion as to whether it should provide Petitioner with a retroactive concurrent designation. The federal sentencing court did not respond with its position.

Keohane, 921 F.2d 476 (3d Cir. 1990) and its own policies, whether it should exercise its discretion and grant Petitioner a retroactive concurrent designation pursuant to § 3621(b). In Barden v. Keohane, the U.S. Court of Appeals for the Third Circuit discussed the BOP's authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. See also PS 5160.05, Pages 5-7. For example, the BOP recognizes that the following might occur: the state had primary custody over an inmate, his federal sentence is imposed first, the federal sentencing court does not order that the federal sentence be served concurrently with any state sentence, and then the state court subsequently imposes a state sentence and orders that it is to be served concurrently with the federal sentence. See Barden, 921 F.2d at 478-83; PS 5160.05, Pages 5-7. When this occurs, the inmate typically will have served his state sentence at a state institution and upon release is sent to federal custody for service of his federal sentence. The inmate is permitted to request that the BOP retroactively designate the state institution as the correctional institution where he began service of his federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), which in effect amounts to the imposition of a retroactive concurrent federal sentence. Id. at 478-83; PS 5160.05, Pages 5-7.[5]

Although the BOP must consider the inmate's request for concurrent service of sentences, it is not obligated to grant the request. Barden, 921 F.2d at 478 n.4 ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); PS 5160.05, Page 6 ("there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence."). The BOP will review the federal sentencing court's Judgment and Commitment Order, the

---

[5] The BOP may also consider the state court's sentencing order as a request that the inmate be permitted to serve his federal and state sentences concurrently. PS 5160.05, Page 7.

state sentence data records, and any other pertinent information relating to the federal and state sentences. PS 5160.05, Pages 5-7. BOP policy further instructs:

> (c) In making the determination[ ] if a designation for concurrent service may be appropriate (*e.g.*, the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the [The Regional Inmate Systems Administrator ("RISA")] will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.
>
> (d) If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

PS 5160.05, Page 6.

### (b) The BOP did not abuse its discretion in denying Petitioner's request for a retroactive concurrent designation under § 3621

When Petitioner learned how the BOP is calculating his federal sentence, he filed an administrative remedy. In response, the Warden informed him that, in accordance with § 3621 and its policies, the BOP Designation and Sentence Computation Center ("DSCC") "contacted the federal sentencing court for a statement concerning its position on a retroactive designation." [Resp's Ex. 1C, ECF No. 13-2 at 17]. The letter, dated May 24, 2011, explained how the BOP was calculating Petitioner's sentence and that Petitioner requested that it credit his federal sentence for the time that he served in state custody and/or concurrent running of his federal and state sentences. It was explained that the BOP could retroactively commence an inmate's federal sentence upon imposition, if such a designation were consistent with federal statutes and the intent of the federal sentencing court. The letter requested that the court advise the DSCC regarding the court's position on retroactive designation.

8

[Resp's Ex. 2K, ECF No. 13-3 at 44-45]. The federal sentencing court did not respond with its position. [Resp's Ex. 2J, ECF No. 13-3 at 41-42].

The DSCC then conducted a Barden v. Keohane review to determine whether or not to grant Petitioner's request for a retroactive designation of the state institution as the institution for service of his federal sentence. The five factors set for in § 3621(b)[6] were considered with respect to Petitioner's particular circumstances. After consideration of all five factors, including Petitioner's extensive prior criminal record and the federal sentencing court's decision to decline to take a position either for or against granting his request for a retroactive designation, it was determined that Petitioner's request should be denied. [Resp's Ex. 2I, ECF No. 13-3 at 39; Resp's Ex. 2J, ECF No. 13-3 at 41]. Therefore, the BOP declined to grant Petitioner a retroactive designation of concurrency under § 3621(b). [Resp's Ex. 2J, ECF No. 13-3 at 41].

The BOP did not abuse its discretion in denying Petitioner's request for a retroactive concurrent designation. It considered as it must the factors set forth in § 3621(b) and concluded that such a designation was not warranted in Petitioner's case. There is no basis to grant habeas relief upon the discretion to BOP exercised in this case. See Barden, 921 F.2d at 484. See also George, No. 11-2406, 2012 WL 541535, *3 (finding that the BOP did not abuse its discretion in denying a *nunc pro tunc* designation and noting that "the BOP followed the guidelines we established in Barden …; moreover, the federal sentencing court was (and remains) silent on whether the federal sentence was to be consecutive or concurrent, in light of the default presumption of consecutive sentences, see 18 U.S.C. § 3584(a).")

---

[6]  Those factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission.

Finally, although one of the state courts ordered the sentence that it was announcing was to run concurrently with Petitioner's federal sentence, the BOP is charged with carrying out the sentence that the federal court imposed, not the sentence the state court imposed. Id. at 480-84. The federal sentencing court did not order – at the time of sentencing or at any point subsequent to sentencing (see PS 5160.05, Page 5) – that Petitioner serve his federal sentence concurrently with his state sentences. Therefore, the BOP is not obligated to calculate Petitioner's federal sentence as concurrent with his state sentence.

At first glance the result may seem harsh, until one considers that the State of Ohio credited against Petitioner's state sentences all the time that he served in official detention until it released him to federal custody. Therefore, the duration of Petitioner's state sentence was not extended by the BOP's determination. And, although the BOP has calculated Petitioner's federal sentence in a manner that he opposes, the BOP's calculation is in accordance with the federal sentencing statutes and applicable agency policy and there is no basis for a federal habeas court to order it to modify its calculation.

### 2. Calculation of the date upon which a federal sentence commences

Next, this Court must consider whether the BOP violated 18 U.S.C. § 3585(a) in determining that Petitioner's federal sentence commenced on February 24, 2011.

### (a) Statutory and policy background

Section 3585(a) governs the date a federal sentence commences, and it provides:

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

10

A federal sentence cannot commence earlier than the date on which it was imposed. PS 5880.28, Chapt. 1, Page 13; United States v. LaBeille-Soto, 163 F.3d 93, 98 (2nd Cir. 1998); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983).

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. As previously noted, at common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Once again, the primary custody doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, *e.g.*, granting bail, dismissing the charges, releasing the individual to parole or at the expiration of his sentence. See, e.g., George, 2012 WL 541535, at *1 n.4.

The BOP has incorporated the common law primary custody doctrine into its policies. Thus, if the federal government has primary custody of an inmate on the date his federal sentence is imposed, the federal government is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence

11

and will calculate his federal sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is consecutive to any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12. If, however, the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence concurrently with any state sentence, the BOP will return custody of the inmate to the state, commence the federal sentence, and designate the state facility as the place of service of the federal sentence pursuant to its authority under § 3621(b). PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

### (b) The BOP did not violate § 3585(a) in commencing Petitioner's federal sentence on February 24, 2011

As set forth above, Petitioner was in primary state custody on the date of his federal arrest. On the date his federal sentencing court imposed his federal sentence (March 27, 2007), he was "on loan" to the USMS pursuant to a writ of habeas corpus *ad prosequendum*. Therefore, the BOP policy that directs that a prisoner's federal sentence commences upon imposition if he "is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum)," does not apply to Petitioner. PS 5880.28, Chapt. 1, Page 12.

On February 24, 2011, Petitioner was "received in custody awaiting transportation to" a federal facility to serve his federal sentence. Accordingly, the BOP properly commenced his federal sentence

12

on that date pursuant to § 3585(a) and applicable policy.  See PS 5880.28, Chapt. 1, Pages 12-13, 31-33 and PS 5160.05, Pages 2-12 (If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is consecutive to any state sentence, the inmate will be returned to the state after federal sentencing.  The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody).

### 3. Calculation of prior custody credit under § 3585(b)

Section 3585(b) provides:

*A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –*

(1)   as a result of the offense for which the sentence was imposed; or

(2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*That has not been credited against another sentence.*[7]

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time.").  Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence.  See, e.g., Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2001); United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007).

The BOP has determined that Petitioner is not entitled to any federal prior custody credit under § 3585(b).  It has reached that determination because all of the time that he served in official detention

---

[7]   According to Petitioner's federal Judgment and Commitment Order, his federal offense conduct concluded on August 21, 2005. [Resp's Ex. 2C, ECF No. 13-3 at 20; see also Resp's Ex. 2D, ECF No. 13-3 at 23].

13

up to an including February 23, 2011 (the day before his federal sentence commenced) was credited against his state sentences. [Resp's Ex. 2A, ECF No. 13-3 at 12]. Accordingly, the BOP is statutorily precluded from granting Petitioner any prior custody credit under § 3585(b) for any time he spent in official detention prior to the commencement of his federal sentence on February 24, 2011. Rios, 201 F.3d at 271-76; Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence).

The BOP has created a limited exception to § 3585(b)'s rule against double credit in accordance with the decisions in Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993) and Willis v. United States, 438 F.2d 923 (5th Cir. 1971). Pursuant to Kayfez, the BOP will grant to a federal prisoner an amount of qualified double credit if the following conditions are present: (1) *the non-federal and federal sentences are concurrent*; (2) the raw effective full term ("EFT") date of the non-federal term is later than the raw EFT of the federal term; and (3) the non-federal raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal raw EFT date. PS 5880.28, Chapt. 1 at Pages 22B-24. Pursuant to Willis, the BOP will award an amount of non-federal presentence credit if the following conditions are present: (1) *the non-federal and the federal sentences are concurrent*; and (2) the non-federal raw EFT is either the same or earlier than the federal raw EFT. Id. Neither Kayfez nor Willis applies to this case because the BOP determined that Petitioner's federal sentence was not concurrent to his state sentences. [Resp's Ex. 2, Farr Decl. at ¶¶ 12-13, ECF No. 13-3 at 7-8].

### C. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a

§ 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that that the petition for a writ of habeas corpus be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: April 19, 2012

cc:   The Honorable Sean J. McLaughlin
      United States District Judge